FREDERICK SCHATTNER, Plaintiff in Error, *vs.* THE CITY OF KANSAS, Defendant in Error.

1. *Corporations, municipal—Streets—Changing grade—Damages—Liability.—* A city is not liable for the damages which may accrue to a property owner merely from a change in the grade of the streets.

2. *Kansas, City of—Charter—Establishment of grades of streets—Maps there-of—Change thereof—Liability to an individual.—*The Charter of the City of Kansas required the City Council, as soon as practicable, to establish the grades of all the streets in the City, to prepare and exhibit to public view a map thereof and thereafter only to change such grade after due public notice, etc. Held, that the City could not be held liable in damages at the suit of a private party for not obeying this provision of its Charter.

*Appeal from Jackson Circuit Court.*

*Brown & Case, and Lay & Belch,* for Plaintiff in Error.

The city could not act under one part of section 4, of their charter, avoid the other part, and escape liability occurring through their action. (City of Reading vs. Keppleman, 61 Penn. St., 233; Thurston vs. City of St. Joseph, 51 Mo., 510.)

*J. Brumback & H. P. White,* for Defendant in Error.

1. Under the Charter of 1867, Clause 8, § 1, the city had power to establish and change the grade of the streets.

2. From the importance and nature of the work, the Common Council had good reason to delay final action under Sec. 4 of Art. 8, and in the meantime had full and ample power to grade and regrade under Clause 8 of Sec. 1 of Art. 6. (City of Reading vs. Keppleman, 61 Penn. St., 233.)

3. The City cannot be held liable for damages accruing merely from the change of the grade of a street. (St. Louis vs. Gurno, 12 Mo., 415; Taylor vs. St. Louis, 14 Mo., 20; Hoffman vs. St. Louis, 15 Mo., 651. Dill. Mun. Corp. [1st Ed.] 782-3; *Id.* 741-2, and cases cited.)

4. The duty to establish a general system of grades was not of such absolute and perfect obligation as to render the City liable in damages for mere non-action.

NAPTON, Judge, delivered the opinion of the court.

The plaintiff in this case was the owner of a lot at the southwest corner of Main and 12th streets, in McGee's Ad-

dition to Kansas City. In May, 1868, intending to build on this lot, he applied to the City Engineer to set the grade for the corners of his house even with the level of Main and 12th streets. He avers in his petition, that this was the duty of the engineer, and that the grade of 12th and Main streets was then established at 169 feet above the city directrix, and that the engineer gave him the information requested, and he built his house accordingly. After his building was completed, the City altered the grade of Main and 12th streets at their intersection, lowering it to 165 feet above the city directrix—by which change the building is left four feet above the present grade, and for this his damages are claimed. He had presented his bill ($2,000) to the Mayor and Common Council, in February, 1870, but they declined to pay it.

The answer of the city is simply a denial of every allegation in the petition.

The petition was, by leave of Court, amended. In this amended petition it is alleged, that under the provisions of Section 4 of Article 8 of an act to incorporate Kansas City, approved March 12, 1867, it was the duty of the Common Council as soon as practicable to provide for the establishment, by the city engineer, of the grades of each and every corner or street within the limits of said city, and to require the city engineer to prepare perfect profiles of said streets, exhibiting the grade at the crossings and the elevation at all grade points; which profiles it was the duty of the Common Council to adopt, and then the engineer was directed to prepare a corrected diagram of the streets, exhibiting the gradation thereof—and this diagram was to be suspended in the office of the city clerk for public inspection; and this act and section further provided, that after said gradation was established no change could be made, except by ordinance passed by two-thirds of the council, and after due notice and publication in one of the daily newspapers.

The amended petition then avers that an ordinance was made in August, 1868, establishing the grade at the crossing of Main and 12th streets at 169 feet above the city directrix.

The petition then proceeds to allege his building on the grade pointed out by the engineer as in the original petition.

The plaintiff then proceeds to aver, that the Common Council wholly failed to follow the directions of Section 4, Article 8, of charter or amended charter of 1867; that they failed to have grades established; that no profiles were made; that no connected diagram was prepared and exhibited in the office of the city clerk as by law was required.

The plaintiff then states, that by the provisions of said Section 4, of said act of March 12, 1867, defendant became liable to pay all damages sustained by any one by reason of a change of grade, and that he presented his claim to the Mayor, etc.

The answer of the defendant to this amended petition sets up argumentatively the defense of the city. It insists that the ordinance changing the grade of Main street, approved February 8th, 1869, was not passed by reason of any authority under Section 4 of Article 8, but was adopted under Section No. 1 of Article 6, of the charter, which provided, that said Common Council should have power "to alter, open, widen, extend, straighten, establish, regulate grades, regrade, clean, or otherwise improve, the streets," and that the change in the grade of Main street in front of plaintiff's property was lawful, that the Common Council never required their engineer to make out a perfect profile of streets and their grade under section 4; that it was impracticable, and that plaintiff has not been injured thereby.

There was a replication, denying that the Common Council had any discretion as to their duty in carrying out the provisions of Section 4, and denying that there was any difficulty in so doing.

The evidence in the case is not necessary to be noticed. The court gave these instructions:

1. The defendant is entitled to judgment on the pleadings.

2. The defendant is not liable in this action because of failure to exercise the power conferred by Section 4, Article 8, of the charter of 1867.

3. If plaintiff improved his land and built his house with-out first requiring or compelling defendant to act under Section 4, Article 8, of the charter of 1867, the court must find for defendant.

It seems from the evidence and pleadings in this case, that in the charter of Kansas City there is a provision requiring the municipal authorities to have a general street grade established so soon as was practicable, and to require their engineers to make out a map or profile of said streets, showing the gradation, and a further provision that when this was done the council could not change the grade without a vote of three-fourths, and that any damage resulting from a change of grade should be paid for by the city.

It seems from the evidence and pleadings that this direction in Section 4, Article 8, of the charter of 1867, was never complied with by the municipal authorities, that no general grade of streets, or profile by the city engineer, was ever established under this section.

It appears, that a change was made by the municipal authorities in the grade of 12th street under the general power to alter streets conferred in the charter—and by this change plaintiff's house was left four feet above the street. The plaintiff claims damages, because he applied to the city engineer and built his house in accordance with the grade that was established at that time, and because the change in the grade, established afterwards, put his house four feet above the street.

It is conceded that Section 4, Article 8, of the charter was never complied with, and the liability of the city depends on either the fact of not carrying out in a practicable time said provision, or on the principle that the city is liable for changes in the grade of streets which occasion damage to lot holders.

The last position which assumes the general liability of the city for changing the grade of streets is untenable, as has been decided by this court in Gurno vs. St. Louis, 12 Mo., 415, and several other cases, in accordance with decisions in

Massachusetts, New York, Pennsylvania, Indiana, Rhode Island, Louisiana, Georgia, Illinois, Tennessee, Maine, Connecticut, Iowa, Mississippi, and the Federal Courts. (Dill. Mun. Corp., § 786 and note.)

The duty of the city to execute the power confided to it by Section 4, Article 8, of the charter could not be investigated in this action. The provision is certainly a just and prudent one, and if faithfully carried out would prevent litigation and do justice to lot holders, but we cannot say that a general grade of streets in 1868 was practicable. This was left by the Legislature to the city authorities, and they declined to act. It is conceded by the pleadings, that the city authorities did not establish the grade, of which plaintiff complains, under Section 4, of Article 8 of the charter, and their failure to do so is one of the grounds of the claim. This section of the charter prescribed a mode of ascertaining the damages in such case which is not followed here.

Judgment affirmed. The other Judges concur. Judge Adams not present.