PETER IMLER, Respondent, vs. CITY OF SPRINGFIELD, Appellant.

1. *Damages—Street grading—Measure of liabilities of cities.*—Where a street is graded and constructed wholly for the use of the public, no right of action accrues to persons having property fronting on the street improved, in consequence of resulting injuries, unless the injury can be shown to have been caused by the negligent or improper manner in which the work is done by the city or its employees.

2. *Damages—Grading of streets—Surface water—Injuries to adjoining property by reason of.*—City authorities are not liable for damages caused merely by reason of failure to so grade a public street as to prevent surface water from flowing upon the lots of the adjoining proprietors. But *semble* that the rule does not embrace cases where the municipality fills up or dams back a stream of running water with defined banks.

*Appeal from Greene Circuit Court.*

*Crawford & Cravens,* for Appellant, cited in argument Turner vs. Dartmouth, 13 Allen 291; 3 Kent, 452; Gale & Wh. Eas., 182; Gannon vs. Hargadon, 10 Allen 106; Franklin vs. Fisk, 13 Allen, 211; Flagg vs. Worcester, 13 Gray, 601; Goodale vs. Tuttle, 29 N. Y., 459.

*John P. Ellis* for Respondent, cited among others the following authorities: Mayor vs. Furze, 3 Hill, 612; Wilson vs. Mayor of New York, 1 Denio, 595; Mills vs. City of Brooklyn, 32 N. Y., 489; Dil. Mun. Corp., § 802; Rose vs. City of St. Charles, 49 Mo., 510; Brine vs. Railway Co., 110 Eng. Com. L., 402; Sprague vs. Worcester, 13 Gray, 193; Perry vs. Worcester, 6 Gray, 544; Proprietors of Locks vs. Lowell, 7 Gray, 223; Flagg v. Worcester, 13 Gray, 601; Barton vs. Syracuse, 36 N. Y., 54; Conrad vs. Ithaca, 16 N. Y., 158; City Council vs. Gilmer, 33 Ala., 116; Cotes vs. Davenport, 9 Iowa, 287.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Greene Circuit Court, to recover damages from the defendant for having so carelessly improved and obstructed its streets, as to cause the water to flow into plaintiff's cellar, by which he was damaged.

The petition contained two counts, but inasmuch as judgment was rendered in favor of the defendant on the second

count, from which no appeal has been made, it need not be noticed by this court.

The first count in the petition, after stating that the defendant is a municipal corporation, authorized by its charter to pass ordinances to open, alter, widen, vacate, grade and pave its streets and sidewalks, and improve the same, and to drain and keep the same clean; and to build sewers on or in said streets and alleys and to repair and keep the same clean; and that the defendant by its character had the exclusive control of all streets avenues, lanes and alleys, proceeds to aver that on or about the third day of May, 1870, the plaintiff was the owner and in the possession of a lot on Booneville street, in said city, with a brick store house situate thereon, and which fronted on said street, in which said house, plaintiff was engaged in the business of selling merchandize; that the defendant on or about the first day of May, 1870, and subsequently thereto, wrongfully and negligently obstructed said street and highway in front of said business house of plaintiff, by placing stone, gravel and earth in the same, by which the drain or gutter in which the surface water, falling and flowing on said street, was carried off from said street, was filled up and destroyed; so that the surface water falling and flowing on said street, was by such wrongful and negligent act of the defendant, carried and flowed into the cellar in plaintiff's said house; by which, said house and the goods in the cellar thereof, were injured and damaged, and plaintiff's business delayed and injured; by all of which plaintiff avers that he is damaged in the sum of one thousand dollars, for which judgment is prayed.

To this count in the plaintiff's petition, the defendant in its answer thereto denies that it is by its charter authorized, empowered or required to drain the streets of said city, or to build sewers, or to keep the same clean and in repair, except so far as may be necessary for the well being of said streets. It denies that at the time charged, or at any time, it wrongfully or negligently obstructed said Boonville street, in front of plaintiff's premises as charged; and denies that it obstructed said Boonville street in front of plaintiff's premises, either carelessly or unlawfully.

The defendant then as a further answer to said first count, states that on the nineteenth day of October, 1869, it by the City Council passed an ordinance entitled, "An ordinance changing the established grade of Boonville street north of the bridge," approved October 19th, 1869, and numbered Ordinance 59, by which ordinance the then established grade of said street was changed, whereby said street was to be raised in front of plaintiff's said house, and that afterwards on the 1st day of May, 1870, and for divers days afterwards, in pursuance of said ordinance and for the purpose aforesaid, and none other, said defendant did under the supervision of its City Engineer deposit the stone, earth and gravel in said count complained of against it, and, without this, said street was by defendants in nowise obstructed, nor was any supposed gutter, channel or drain in any manner injured or destroyed; and it denies that any such deposit as is charged in said count was wrongfully, negligently, or carelessly made, or that plaintiff was injured or damaged by any wrongful act of defendant in the premises.

To the affirmative part of this answer, the plaintiff replied, denying the passage of the ordinance set forth in the answer, or that the work named in the answer was done under the supervision of the City Engineer, and also puts in issue the other facts stated in the answer.

Motions were filed by the respective parties to strike out part of the answer and replication, but as no point is made on the action of the court in reference thereto, they need not be noticed here.

A jury was waived by the parties and a trial of the cause had before the court. It appears by the evidence in the cause, that Boonville street in the City of Springfield, where the same passes in front of the plaintiff's lot and house, is situate on rather low wet ground at the foot of a hill or rising land, which rises from the opposite side of the street, from where plaintiff's house is situated, and perhaps in other directions; that the surface water falling upon these elevated lands, and which would be produced by the melting of snow falling

thereon, would naturally flow down upon the street and along the street, and along low places in the immediate vicinity of the plaintiff's house; that there was a small ditch or gully along the side of the street on which plaintiff's house was situate, along which the surface water was drained off and prevented from accumulating around the plaintiff's house and premises, but that a large quantity of the surface water usually ran and accumulated in said street; the same being rather lower in the center than at the edges of the street. This water softened the ground and made the street a muddy and inconvenient highway. It appears that in the month of May, 1870, the city in pursuance of an ordinance passed for said purpose, commenced raising the grade of said street in front of, and continuing on each side of plaintiff's house; that six or eight months intervened between the commencement of this work, and the time it was finished and macadamized; that while the workmen were placing the gravel, stone and earth upon the street, they placed the small stones which were mixed with the earth so deposited on the street, along each edge of the street, so as to be convenient to be used in macadamizing the street after the grading was finished; that in doing this work the small drain along the side of the street, by and through which the surface water was withdrawn from the low ground along the side of the street where plaintiff's house was situated, became filled up so that the water could not pass through it; that while this work was being performed and before it was completed, two unusually heavy rains fell upon the grounds around, and in the vicinity of plaintiff's house; that the surface water was caused to flow over the elevated ground, or some of it ran from the hill across Boonville street, and other waters accumulated from other directions around the property of plaintiff and other adjoining proprietors; that the water ran around the house of the plaintiff, percolated through the cellar wall and filled his cellar some two or three feet deep and injured his goods to the amount of about two hundred dollars. It was also shown that this water would probably have escaped from plaintiff's premises and left him un-

injured, if the little ditch along the side of the street had remained open.

The evidence also tended to show, that plaintiff after the first rain which injured his cellar, had notified the city authorities of the fact, and demanded pay for the damages, and that there was some talk between the plaintiff and the street commissioner in reference to raising the sidewalk in front of plaintiff's store, but that nothing was done until some month or two afterwards, when the street was macadamized, and gutters were placed along the sidewalk on each side of the street in the usual way, by which the surface water falling, and running upon the street, is carried off and no further injury apprehended. One witness also testified that if the earth along the edges of the street had been kept the highest, so as to confine the surface water falling on the street, and that coming on the street from the elevated ground in the centre of the street, the damage would not have happened to plaintiff, and he gave it as his opinion that that would have been the proper way to perform the work. On the part of the defendant the engineer in charge of the work, testified that the work was performed under his direction that he understood the business of an engineer, and that the work was properly performed and completed as soon as it was safe to do it, as the made earth or fill in the street ought to have time to settle, before the macadam was placed on it. The evidence also tended to show that the plaintiff might by a very trifling expense of less than ten dollars, have protected his house from injury by throwing some three or four wagon loads of earth around the wall of his house, so as to elevate the ground around it. This is substantially the evidence in the case.

Sixteen declarations of law were asked by the plaintiff, and seven by the defendant, some of which were given and some refused; but it will only be necessary to notice one of the instructions given on the part of the plaintiff in order to dispose of this case. That instruction is as follows:

1st. The court declares the law to be, that if defendant could by the exercise of ordinary care and skill in the

grading of Boonville street, have so done such work as not to cause the water flowing on such street to be forced or flowed into plaintiff's premises in his petition mentioned, whereby plaintiff was damaged, it was defendant's duty so to do, even at a reasonable expense to defendant; and if through carelessness and a want of ordinary caution or skill, or prudence and foresight in defendant, or her agents, or contractors, or employees in the execution of such work, defendant omitted, failed, refused or neglected to do so, she is liable to plaintiff for all damages sustained in consequence thereof."

The defendant excepted to the ruling of the court in giving this instruction.

The court found for the plaintiff and rendered a judgment in his favor for two hundred and twenty-five dollars.

The defendant filed motions for a new trial, and in arrest of judgment, setting forth all of the usual grounds for such motions, including the rulings of the court before excepted to. These motions being severally overruled the defendant made its several exceptions and has appealed to this court.

It is not denied by the defendant in this case, that municipal corporations are responsible for the negligence of their servants and agents who are employed by the corporation in the discharge of the duties authorized or imposed on them by law, whenever a proper case arises.

It is admitted that it is the duty of the authorities of a city, to keep the streets and highways therein, in a good and reasonably safe condition for the use of the public, and those who may travel thereon, and if they are constructed in an improper or unsafe manner or negligently left out of repair, and in a dangerous condition, and persons are injured thereby without their own fault, the corporation is liable to the person injured for the damages sustained. Corporations are also liable where the municipality engage in works of private utility to the corporation, which are not solely for the public use, where, by such works, private rights are invaded, or private property injured.

They are also liable for injuries resulting from the careless

or insufficient manner in which they construct sewers or other works of the kind, and from the negligent and insufficient manner of their construction, or for carelessly and negligently permitting them to remain out of repair, by which damage is done to individuals or their property.

It is, however, contended by the defendant, that the plaintiff's case, as made by his petition and evidence, does not come within any of these predicaments, or within any predicament out of which a liability on the part of the defendant arises.

The action in this case is brought to recover damages for an injury done to plaintiff's house and goods, consequent on the negligence of the agents and servants of defendant in grading a public street, which was being graded and constructed wholly for the use of the public.  In such case, no right of action accrues to persons having property fronting on the street improved, unless the injury can be shown to have resulted from the negligent or improper manner in which the work is done by the city or its employees.  This has been the settled doctrine of this State ever since the case of The City of St. Louis vs. Gurno (12 Mo., 414) was decided ; the same doctrine being re-affirmed in the case of Schattner vs. Kansas City, decided at the last July term of this court.  (53 Mo., 162.)

The petition in the case now being considered charges, that the defendant wrongfully and negligently obstructed a public highway (Boonville Street) in front of plaintiff's property and house by placing stone, gravel and earth in the same, by which the drain channel, or gutter, in which the surface water falling and flowing on said street was carried off from said street, was filled up and destroyed, so that the surface water falling and flowing on said street was, by such wrongful act, negligence and carelessness of defendant, carried and flowed into the cellar in plaintiff's house, injuring the same, &c.

It will be seen that the particular carelessness and negligence complained of, and by which the plaintiff claims to have been damaged, was the filling of the drain or gutter on the side of the street, which carried off the surface water which

fell upon the street, so that the water was caused to flow from the street into plaintiff's lot and around his house. The evidence shows, that the earth, gravel and stone were placed on the street in grading and macadamizing the street; that the work was delayed for a while after the earth was placed in the street, in order to give it time to settle before the street was macadamized, and, that when it was so macadamized, gutters were made at the side-walks which carry off the water. It is assumed by the plaintiff, that it was the duty of the city to keep a drain or gutter open while the work was being done, so as to prevent the flow of the surface water of the street in and upon the plaintiff's premises, and that this was negligently omitted by the defendant, whereby it became liable to the plaintiff for the damage received from the water which flowed upon the premises and into his cellar.

The whole case seems to have been tried by the court upon this supposition. The court declared the law to be, that if the defendant could, by the exercise of reasonable diligence and skill in the grading of the street, have done such work so as not to cause the water flowing on such street to be flowed into plaintiff's premises, it was defendant's duty to do so, even at a reasonable expense to defendant; and if it carelessly or negligently omitted so to do, it is liable for the damages sustained. This assumes, that it was the duty of the city in the grading of a public street to so grade it as to prevent the surface water from flowing upon the lots of the adjoining proprietors, and that it was negligence in the city not to have done so, for which it is liable. I think it will be found by reference to the authorities, that no such liability exists. A liability would exist against a city for filling up or damming back a stream of running water, so that it would overflow its banks and flow upon the land of another; but a very different rule exists with reference to surface water. Judge Dillon, in his work on Municipal Corporations, says: "It is clear that there is no liability on the part of a municipal corporation for not exercising powers it may possess to improve streets, and, as a part of such

improvement, to construct gutters or provide other means of drainage for surface water so as to prevent them from flowing upon the adjoining lots. And, even where the work of graduating the streets is entered upon, there is not ordinarily, if ever, any liability to the adjoining owner, growing merely from the non-action of the corporation in not providing means for keeping surface water from property situate below the established grade of the street." (Dill. Mun. Corp., § 799; Gannon vs. Hargadon, 10 Allen, [Mass.] 106; Goodale vs. Tuttle, 29 N. Y., 459; Franklin vs. Fisk, 13 Allen, 211; Turner vs. Dartmouth, Ib., 291; 7 Allen 19.)

In the case of Wilson vs. The Mayor of the City of N. Y., 1 Denio, 595, the plaintiff owned property at the corner of a square, being bounded on two sides by streets, the surface water could conveniently run off from plaintiff's property leaving it dry and uninjured. The city graded both of the streets on the sides of plaintiff's lot, thereby wholly obstructing the flow of the surface water, by which it accumulated on the plaintiff's lot to his damage, the city having failed to construct a ditch or sewer by which the water could be conveyed off. It was held in that case, that the plaintiff had no remedy, although it was charged in that case as in this, that the street had been so carelessly graded as to prevent the flow of the water from the premises. In the opinion in that case, the case of City of New York vs. Furze, 3 Hill, 612, referred to and relied on by the plaintiff in this case, is commented on and disapproved. In the case of The City of St. Louis vs. Gurno, 12 Mo., 414, this court referred to the case of Wilson vs. the Mayor of the City of N. Y. with approval, and clearly held in a case deemed to be identical in principle with this case, that the city was not liable. The case of Rose vs. City of St. Charles, 49 Mo., 510, referred to by plaintiff, does not conflict with the authorities above cited. The opinion in that case was predicted upon the ground, that the water diverted was not surface water, but a stream of water with defined banks though not strictly what is called a living stream of

water. In the case of Thurston vs. City of St. Joseph, 51 Mo., 510, the only point decided was, that the city was liable for negligently permitting a sewer in the streets of the city to be and remain out of repair and by negligence in its construction, by which damages resulted.

The theory, upon which the court tried this case, being in conflict with the law in reference to the obstruction of the flow of surface water, and that being the only wrong complained of in the petition, it follows, that the judgment must be reversed.

Judge Adams dissents; the other judges concurring, the judgment is reversed and the cause remanded.