Henry Steinmeyer *et al.*, Appellants, *v.* The City of St. Louis, Respondent.

### January 29, 1877.

An action for damages against a municipal corporation will not lie because a sewer became insufficient to carry off an increased volume of water which the grading of a certain street caused to accumulate, where there is neither negligence nor carelessness in the execution of the work.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*George M. Stewart* and *Koerner & Peebles,* for appellants, cited : Shear. & Redf. on Neg., 1st ed., 181, ch. 8, sec. 152 ; 2 Dill. on Mun. Corp., 2d ed., sec. 780 ; 2 Hill. on Torts, 3d ed., 404, 405, ch. 38, sec. 2 ; West *v.* Brockport, 16 N. Y. 161, note ; Rochester White Lead Co. *v.* City of Rochester, 3 N. Y. 463 ; Nevins *v.* City of Peoria, 41 Ill. 502 ; Ellis *v.* Iowa City, 29 Iowa, 229 ; Const. Mo. 1875, p. 13, art. 2, sec. 10, p. 18, art. 2, sec. 21 ; Thurston *v.* City of St. Joseph, 51 Mo. 510.

*Leverett Bell,* for respondent.

HAYDEN, J., delivered the opinion of the court.

This was an action to recover damages for alleged injury to the goods of the plaintiffs, resulting, it was charged, from negligence of defendant.

The petition alleged that the plaintiffs were, in June, 1875, in possession of a lot, with the building thereon, and cellar under the building, on Rutger Street, in the city of St. Louis, in which building they carried on business as wholesale grocers, they keeping goods in their cellar. The petition further alleges that the " said defendant, the city of St. Louis, was authorized and empowered by an act entitled ' An act amendatory of, and supplementary to, the several acts incorporating the city of St. Louis,' approved March 14, 1859, and by a further act entitled ' An act to revise the Charter of the city of St. Louis, and extend the limits thereof,' approved March 4, 1870, to establish a general sewer system, and to build and maintain sewers, which acts, and the powers thereby granted, said defendant accepted, and did establish a general sewer system, and build and maintain sewers ; that, by virtue of said power and authority, said defendant built and maintained a sewer which passes in front of the property owned by plaintiffs, as hereinbefore described, on said Rutger Street, which said sewer, up to the year 1868, was sufficient to drain and carry off all

surface-water from the area which it was then used to drain;
that during said year 1868, and during the following years,
said sewer was extended westwardly, and a large number of
district and private sewers were connected with said public
sewer on Rutger Street by defendant's direction and con-
sent, thus taking in the surface-water of, and draining, an
additionally large area, so that now the area drained by said
sewer is a space of about —— acres; that by reason of said
extension the volume of water and sewage to be carried off
by said sewer was vastly increased, and said sewer was neg-
ligently rendered insufficient in size and capacity, and has
since failed to perform the office for which it was con-
structed; that although the defendant has thus vastly in-
creased the volume of water and sewage to be carried off by
said sewer, and although said sewer has thereby been ren-
dered insufficient as aforesaid, yet the defendant has negli-
gently failed to provide a sewer of sufficient size and
capacity; that defendant was authorized by an act entitled
' An act supplementary to the several acts incorporating the
city of St. Louis,' approved March 14, 1859, and by another
act entitled ' An act to revise the Charter of the city of St.
Louis, and to extend the limits thereof,' approved March 4,
1870, to establish the grades of, and grade, streets and alleys,
which acts, and the powers therein granted, said defendant
accepted; that, by virtue of the authority thus granted, the
defendant did establish a certain grade for said Rutger,
Second, and Jackson Streets and Carondelet Avenue; that
said streets have been so graded as to make a point about
fifty feet eastwardly from plaintiffs' premises, above de-
scribed, the lowest point in the whole area drained by said
sewer, and more particularly within several blocks, north,
south, west, and east; that the surface-water of several
blocks in each of said directions is carried, in the gutters
made by defendant, to the corner of plaintiffs' premises, and
point opposite, thus gathering a large volume of surface-
water in front of plaintiffs' premises; that, whenever there

is a heavy rain, said sewer becomes so filled that said surface-water cannot pass into the same, but, on the contrary, frequently, water and filth will pass out of the sewer through the sewer-inlets in front of and opposite plaintiffs' premises, and, through a ' man-hole ' near by, into the street, thus increasing the volume of water in front of plaintiffs' said premises ; that frequently the volume of water thus collected becomes so great that it covers the sidewalk in front of plaintiffs' premises, and flows into the aforesaid cellar occupied by plaintiffs ; that plaintiffs' cellar has thus been flooded, during the last five years next preceding, at divers times, which, however, they cannot now particularly enumerate and set forth, by which said plaintiffs were greatly damaged ; that although defendant was notified and well knew of the insufficiency of said sewer, the defendant negligently failed to make any change or take any steps to abate said nuisance and protect plaintiffs from further damage."

The petition then states, in substance, that about June 18, 1875, by reason of the insufficient size and capacity of the sewer, it would not carry off the water flowing into it from the area it was intended to drain ; that, a heavy rain having fallen, the sewer became full, so that the surface-water carried into the sewer in front of and opposite the plaintiffs' premises could not flow into the sewer ; that the water was forced out of the sewer, through the inlets and the " man-hole " before named, into the streets ; that the water thus accumulated flooded the sidewalk and flowed into the cellar, flooding the same, whereby a large quantity of the goods were damaged and destroyed ; that the cellar was. thereby damaged, and that plaintiffs lost the use of it for two weeks ; and that plaintiffs were put to expense in moving their goods, etc.

Plaintiffs filed an itemized statement of damages and asked judgment for its amount, $2,573.89.

A demurrer was filed, on the ground that the petition

failed to state facts sufficient to constitute a cause of action. The demurrer was sustained, and there was judgment for the defendant on the demurrer.

It is admitted by the appellants that the question whether a sewer shall be constructed or not is judicial in its nature ; but it is contended that the adoption of plans relating to the size and capacity of the sewer is a purely ministerial function. Although the appellants allege that they sue in this case to recover damages resulting from an insufficient and carelessly-constructed sewer, yet, when their petition is closely examined, this is found to be merely the statement of an inference. There is no averment that the sewer was badly constructed or built. On the contrary, it appears from the averments which are made in the petition that the sewer, when constructed, was sufficient, but that afterwards it was extended, and other minor sewers connected with it, and that thus the principal sewer was made to drain a larger area than at first, by which the volume of surface-water was increased. Yet it does not appear from the petition that this produced any injury or damage, nor does it appear that the insufficiency of the sewer caused the damage. All the averments of a pleading must be taken together ; but any averment which appears on the face of the pleading to be an averment of inference is entitled to little weight as against an averment of a physical fact. According to the petition, the cause or occasion of the injury was not the insufficiency of the sewer, but the establishment of the grade for Rutger Street, and the streets near, which made the vicinity of the appellants' land the lowest point drained by the sewer. When this was done, and not until then, injury followed.

There is no allegation in the petition to the effect that the respondent graded the streets in a careless or unskillful manner, so far as the work or materials were concerned. The allegation is to the effect that by the grading the vicinity of the plaintiffs' premises became the lowest point in the area drained

by the sewer, and that thus a large body of surface-water gathered in front of the plaintiffs' premises in case of heavy rains — a state of things which does not necessarily imply negligence in the work of grading.    Thus the petition charges that, the water collecting in increased quantities after the grading was done, the sewer became insufficient to carry it off, and the damage was produced.

It will be seen that the question in this case is, in all essential particulars, the same as that in *City of St. Louis* v. *Gurno*, 12 Mo. 415, the leading case in this State on the subject now under consideration.    The rule there laid down has been adhered to in subsequent cases, with, possibly, an exception in *Thurston* v. *City of St. Joseph*, 51 Mo. 510. It does not appear that more than two of the judges concurred in the views expressed by Judge Adams in that case, though three judges concurred in the result.    The dissenting opinion of Judge Wagner expresses the doctrine now firmly established in this State.    *Schattner* v. *City of Kansas*, 53 Mo. 162; *Imler* v. *City of Springfield*, 55 Mo. 119; *Wegmann* v. *City of Jefferson*, 61 Mo. 55.

If the plaintiffs intended to charge that there was negligence in the work of grading, they have not made the necessary allegations.    Nor have they alleged any facts showing that there was negligence in the construction of the sewer.    It is virtually admitted that the sewer was well constructed, and sufficient when constructed.    Nor is it charged that the sewer became dilapidated or out of repair, nor that the sewer was itself, and by the way in which it operated, a nuisance.    The allegations amount to this : that the capacity of the sewer became insufficient by reason of the grading, and that the defendant did not enlarge the sewer so as to enable it to carry off the surface-water which the new grading caused to accumulate.    Thus, taking the facts of the petition for granted, we must conclude that there was an error in judgment, either in the establishment of the sewer with a view to the future wants of that part of

the city, or an error in judgment in regulating the grade of the streets. It may be difficult in some cases to draw the line between the exercise of the judicial and the ministerial function, but the distinction between the adoption of a system or plan and the work by which that system or plan is carried into execution is plain and well defined. In the present case, there being no defect of execution, it is clear, not only from the authorities in this State, but upon the doctrine generally conceded to be correct, that the plaintiffs were not entitled to recover. *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Child* v. *City of Boston*, 4 Allen, 41; *McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Carr* v. *The Northern Liberties*, 35 Pa. St. 324; 2 Dill. on Mun. Corp., sec. 801.

The judgment of the court below is affirmed. The other judges concur.