HENRY W. WEGMANN, Respondent, v. THE CITY OF JEFFER-
SON, Appellant.

1. *Street grading—Exercise of care and skill in, by city—Measure of responsi-
bility.*—It is the settled law of this State that if municipal corporations, act-
ing under authority conferred by the legislature to make and repair or to grade,
level and improve streets, exercise reasonable care and skill in the perform-
ance of the work, they are not answerable to the adjoining owner for conse-
quential damage to his premises. But if the injury can be shown to be the
result of the negligence or unskilfulness of the city or its employees in per-
forming the work, an action will lie, and the party injured will be entitled to
damages.

*Appeal from Cole County Circuit Court.*

*Ewing & Smith, with A. W. Ewing,* City *Attorney,* for
Appellant, cited Green vs. City of St. Louis, 12 Mo., 414;
Taylor vs. City of St. Louis, 14 Mo., 20; Hoffman vs. City
of St. Louis, 15 Mo., 65; Schattner vs. City of Kansas, 53
Mo., 162; Dill. Mun. Corp., §§ 741-2, 781, 782, 783, 798, 799,
800, 801; 1 Denio, 597; 2 Denio, 433; 9 Watts, 382.

*E. L. King & Bro.,* for Respondent.

Although the city had the authority and the power to grade
and fill its streets, yet if it negligently or carelessly or unskil-
fully graded or filled its streets, then the city is liable for all
damage occasioned in consequence of such negligent or care-
less or unskilfull grading or filling. (Imler vs. City of Spring-
field, 55 Mo., 119; Bassett vs. City of St. Joseph, 53 Mo.,
290; Schattner vs. Kansas City, 51 Mo., 454; Thurston vs.
St. Joseph, 51 Mo., 510.) In the case of Schattner vs. City of
Kansas there was no question raised as to any carelessness,
negligence or unskilfulness, on the part of the city, in the do-
ing of the work.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case stated that the plaintiff was the
owner of a certain piece of property in Jefferson City, sit-
uated on Main street, and that the defendant in 1872, by its
agents, officers and servants, carelessly, negligently and un-
skilfully filled up the grade on said street so as to injure plain-

tiff's property, for which damages were claimed. The answer was a denial of the allegations in the petition, and it further sets up that the defendant was not responsible, because the work was done in pursuance of power vested in it by its charter.

There was a trial before a jury and a verdict for the plaintiff. There was evidence tending to show that in the performance of the work there was negligence and unskilfulness, and that the injury resulted therefrom. The court declared the law to be that the city had the power and authority to grade, regulate and pave its streets; but if it was found from the evidence, that defendant, by its officers and servants, did grade and fill up the street in such a negligent, careless and unskilful manner as to cause the injury, then the defendant was liable; that the defendant, as a corporation, had the power under its charter to grade and pave any of its streets, but in the exercise of that right and power it was bound to use ordinary care and skill, to prevent unnecessary damage to adjoining or adjacent property.

The defendant offered a series of instructions the substance of which was, that the defendant, being a municipal corporation with power and authority to grade and pave its streets, was not liable to an action for damages, resulting from the grading or paving. These instructions were by the court refused.

The doctrince in reference to the question involved in this case is well established in this State. It is that municipal corporations, acting under authority conferred by the legislature to make and repair or to grade, level and improve streets, if they exercise reasonable care and skill in the performance of the work, are not answerable to the adjoining owner, for consequential damages to his premises. But if the injury can be shown to have been the result of the negligence or unskilfulness of the city or its employees in performing the work, then an action will lie, and the party injured will be entitled to damages. The case was submitted wholly upon this theory. It was for the negligent and improper manner in which the

work was carried on and executed by the city and its servants that the action was brought.

The evidence was mainly directed to that issue, and the instructions of the court were based exclusively upon the question of negligent and unskilful performance.

No error is perceived in the record, and the judgment will be affirmed. The other judges concur.