FOSTER, *Appellant*, v. THE CITY OF ST. LOUIS.

71 157
98 501
98 509
71 157
112 18
53a 294

**Municipal Corporation:** LIABILITY FOR FLOODING PROPERTY BY CONSTRUCTION OF A STREET. A city is liable in damages for the flooding of private property caused by the construction of a street in pursuance of a plan prescribed by ordinance, only when the injury is the result of negligent execution of the plan, not when it is the result of a defect in the plan itself.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*David Murphy* for appellant.

*Leverett Bell* for respondent.

NORTON, J.—This is a suit for the recovery of damages to lots 13 and 14, block 4, Larned's addition to the city of St. Louis, alleged to have been occasioned by defendant in opening and constructing Argyle Avenue, a certain street of said city north of and in prolongation of the east and west lines of plaintiff's lots, to the center of said block, and up to and against the north line of said lots, in so careless, negligent and improper manner that by reason thereof great quantities of water flowing from the surface, the entire length of said avenue, into the gutter thereof, were precipitated into and ran over the lots of plaintiff, filling privy-vault, cistern, &c., and rendering the premises uninhabitable; to the damage of plaintiff in the sum of $2,000. Defendant in her answer denied specifically the allegations of the petition. On the trial and at the close of plaintiff's evidence the court sustained a demurrer to the evidence, whereupon plaintiff took a non-suit, and judgment was rendered for defendant, which on appeal to the St. Louis court of appeals was affirmed, and from which plaintiff has appealed to this court.

The evidence offered on the trial tended to show that the street known as Argyle avenue was opened according

to a plan which follows the grade established by an ordinance of the city; that in said plan no method was devised for the disposition of the surface water which might flow along and into the gutters of said street, so that adjoining proprietors would not be injured thereby. It also not only tended* to show, but conclusively established the fact, that the work of grading and opening the said street in accordance with the plan was well and carefully, and not negligently done, and that the injury to plaintiff's lots was not occasioned by any careless or negligent execution of the work in grading and opening the said street which the ordinance authorized, but resulted from an error of judgment on the part of the city council, in ordering the opening of the street at a certain grade without providing in the plan and specifications for doing the work, some method of drainage for the disposition of the surface water.

The passage of the ordinance establishing the grade of said street, directing it to be opened according to a plan and specifications was *quasi* judicial, and that the city is not liable for consequential damages arising from a defect in the plan adopted, but can only be held liable for damages resulting from negligent execution of the work done in compliance with such plan, is fully established by the following cases: *Imler v. City of Springfield*, 55 Mo. 119; *Schattner v. City of Kansas*, 53 Mo. 162; *Saxton v. City of St. Joseph*, 60 Mo. 153; *Wegmann v. City of Jefferson*, 61 Mo. 55. These authorities fully justified the trial court in sustaining the demurrer to plaintiff's evidence, and entering up judgment for defendant. Judgment affirmed, in which all concur.