BARNS v. THE CITY OF HANNIBAL, *Appellant.*

71 449
87a 601

1. **Municipal Corporation**: LIABILITY FOR FLOODING LAND BY CHANGING A STREAM. A city, in pursuance of power conferred by its charter, caused the waters of a creek running through its limits to be turned into a new channel. This channel proved so inadequate that the waters escaped and flooded plaintiff's lot; *Held*, that the city was liable for the injury so inflicted.

2. **Implied Power of Agent.** Authority given to an agent to open a new channel for the purpose of turning the course of a stream will include authority to erect a dam or break-water across the old bed of the stream as a means of expediting or accomplishing the work.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Walter D. Anderson* for appellant.

*T. H. Bacon* and *Geo. A. Mahan* for respondent.

NORTON, J.—This is a suit instituted by plaintiff as the owner of a certain lot in the city of Hannibal for the recovery of damages for injuries thereto, occasioned, as is alleged in the petition, by the negligence of defendant in turning and changing the channel of Bear Creek, a running stream of water in said city. The petition, after setting

up an ordinance of defendant authorizing the changing
and straightening of a certain portion of said stream, al-
leges that the negligence of defendant consisted in not
making the new channel through which the water of said
creek was to pass, wide enough and deep enough to allow
said water to flow and pass away, as it would have done
in the original and natural channel of said creek; that by
reason of such insufficiency of the new channel and the
obstruction of the original channel, the water which had
been accustomed to flow through said original channel,
was backed up so as to overflow plaintiff's lot. The an-
swer of defendant admits the passage of the ordinance set
up in the petition, but avers that the city had no power to
pass it, denies that the city either opened the new channel
or erected a dam obstructing the old channel of said stream,
and avers that the injury of which plaintiff complains was
occasioned by the construction of a dam erected by the
Hannibal & Central Missouri Railroad Company, and by an
extraordinary freshet which no ordinary prudence could
have prevented. The replication denies the new matter of
the answer, and on the trial plaintiff obtained judgment,
from which defendant has appealed, and assigns for error
the action of the court in giving and refusing instructions.

It was admitted on the trial that, under the ordinance
of defendant authorizing and providing for straightening
and changing the channel of said Bear creek, the city had
taken all the necessary steps to condemn the land, on to
which the new channel of said creek was to be changed,
and had paid for the land thus condemned. The evidence
offered on the trial and as supplementary to this admission
tended to show that the city, to consummate the object
sought to be accomplished by the ordinance, arranged with
the Hannibal & Central Missouri Railroad Company to ex-
cavate the earth from the land condemned for the purpose
of opening a new channel for said creek and use the same
in constructing the embankment for its road-bed through
said city; that McKenney & Townley, who were sub-con-

tractors for the construction of said road-bed, in pursuance of the authority thus conferred, proceeded to make the excavation and remove the earth for said new channel; that said railroad company erected a dam across the old bed of the channel of said stream of water and turned it into the newly excavated channel, that said new channel was not constructed of sufficient width and depth to afford a passageway for the water of said stream, equal in capacity to the old channel of said stream, and that in consequence thereof plaintiff's lot was flooded and damaged.

It is claimed by counsel that defendant is not liable because the city had no power to adopt the ordinance changing the channel of said stream, and that, if it had such power, there is no evidence to show that it authorized the Hannibal & Central Missouri Railroad Company to do the work.

1. MUNICIPAL CORPORATION: liability for flooding land by changing a stream.

This claim we think is not well founded, for it is expressly provided in section 1, Acts 1859–60, p. 371, that the city council of the city of Hannibal shall have power to fix by ordinance the channel of Bear Creek, and shall have the right to use for this purpose any street or alley, and cross others, and take and condemn private property agreeably to the laws in force authorizing the taking of private property for streets, lanes and highways. This same power both in a more specific and enlarged sense is conferred in sections 13 and 14, Acts 1870, pp. 304, 305. If, in executing the power thus conferred, the city, either by itself or those whom it authorized, so carelessly and negligently did the work of changing said channel as to inflict injury upon others, it is clearly liable under the rule laid down in the cases of *Imler v. City of Springfield*, 55 Mo. 119; *Wegmann v. The City of Jefferson*, 61 Mo. 55.

It is, however, insisted that this doctrine does not apply in this case, because there was no evidence that defendant authorized the Hannibal & Central Missouri Railroad Company to erect the dam

2. IMPLIED POWER OF AGENT.

across the head of said stream.    We think the evidence
tended strongly to show such authority.    Mr. Hayward,
who was offered as a witness, testified that the city, the
officers of the city, had arranged with the said railroad
company to take the earth out of the new channel.    This
evidence was received without objection, and shows that
the city, which had unquestioned authority to have the
work done, and which had passed an ordinance authorizing
it to be done, arranged with the Hannibal & Central Mis-
souri Railroad Company to do it, thereby, *pro hac vice*
making said company its agent, and if said company, in
executing the work of changing the channel, erected the
dam or breakwater as a means of expediting or accom-
plishing the work it had arranged to do, injury resulting
therefrom is properly chargeable to defendant.    The in-
structions of the court fairly placed the case as to defend-
ant's liability before the jury on the theory herein stated
and were properly given, and as those asked by defendant
ignored this theory, they were properly refused.    Judg-
ment affirmed, with the concurrence of the other judges.