WERTH, *Appellant*, v. THE CITY OF SPRINGFIELD.

1. **Municipal Corporation**: CHANGE OF STREET GRADE: PLEADING. It is a well settled rule in pleading that things which are necessarily implied need not be alleged. On this principle, in an action against a city for negligently changing the grade of a street; *Held*, that an allegation that the city "raised the grade" was equivalent to an allegation that the grade was raised in pursuance of an ordinance, since the city could only act in such matters by ordinance.

2. ———: DAMAGES CAUSED BY PUBLIC WORKS. For damages arising from negligent and unskillful execution of public works on a proper plan adopted by the proper authority, the party injured may maintain an action in the ordinary form; but what his remedy may be where the fault is in the plan itself, is not decided, though it is certain that under the constitution he is entitled to relief.

3. ———: CHANGE OF STREET GRADE: CITY'S LIABILITY THEREFOR. If in changing the grade of a street the city should so negligently perform its work as to practically destroy the street as a highway, it would be liable in damages, while it would not be liable for the simple act of permitting the street to be out of repair, if no special injury ensued therefrom.

4. ———: DANGEROUS SIDEWALK. Without showing special damage a property holder has no right of action against a city for tearing up the sidewalk in front of his premises and re-laying it in a manner dangerous to life and limb.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*F. M. Sheppard* for appellant.

*T. J. Delaney* for respondent.

HOUGH, C. J.—The petition in this case contains three counts. The first charges that the defendant raised the grade of Walnut street in front of plaintiff's lot, two feet above the level of said lot, in a negligent and unskillful manner, and thereby rendered access to and from said lot and street difficult and dangerous, to plaintiff's damage, etc. The second count charges that in changing the grade of said street in front of plaintiff's lot, a fill was made of materials adapted to receive and retain large quantities of water, which was left unprovided with drainage and exposed to rains and melting snow, so that the same became almost impassable to vehicles, and is in wet weather abandoned as a highway, and cannot be traveled by adjacent property owners with loaded vehicles, without great difficulty, whereby plaintiff's lot has been greatly depreciated in value, to his damage, etc. The third count charges that the defendant tore up the sidewalk in front of plaintiff's lot and replaced the same in a loose, irregular, uneven, negligent and unskillful manner, rendering said walk dangerous to life and limb, to plaintiff's damage, etc. The circuit court sustained a demurrer to the whole petition, on the ground that it stated no cause of action against the defendant, and rendered final judgment thereon for the defendant.

It is contended for the defendant that the petition is defective because it fails to allege in either of the counts that the city of Springfield, "in its legal capacity," authorized the change of grade on Walnut street, and because it does not allege that the injury complained of was the result of a negligent and unskillful execution of the plan adopted by the city council. It is also contended that the defendant cannot be held liable under the second count for a failure to keep its highways in repair, as no direct special damages are alleged to have been sustained by the plaintiff.

It is further contended that the plaintiff has no special or general interest or ownership in the sidewalk which will warrant a recovery by him for its loss or destruction in whole or in part.

It is undoubtedly true that the defendant can only be held responsible for the acts of its officers, agents or servants in changing the grade of a street, when such change has been authorized by ordinance. But in alleging that the defendant raised the grade to a certain height, it is necessarily implied that it was done in pursuance of some ordinance, as the defendant can only act in such matter by ordinance; and it is a well established rule in pleading, that things which are necessarily implied need not be alleged. Bliss on Code Plead., § 175. Allegations similar to those in the first count were made in *Wegmann v. City of Jefferson*, 61 Mo. 55, and *Foster v. City of St. Louis*, 71 Mo. 157, and no question was made by court or counsel as to their sufficiency. If the allegation in question should be denied, the plaintiff would have to introduce in evidence an ordinance authorizing the change of grade in order to maintain his action against the city. *Thomson v. City of Boonville*, 61 Mo. 282; *Hunt v. City of Boonville*, 65 Mo. 620; *Rowland v. City of Gallatin*, 75 Mo. 134.

1. MUNICIPAL CORPORATION, change of street grade: pleading.

The negligence of the defendant is sufficiently averred in the first count. Negligence is not averred of the acts of the city in simply changing the grade, but of the manner in which the change was effected. The allegation is, that the defendant raised the grade two feet in a negligent and unskillful manner.

As the plaintiff does not seek to recover damages resulting simply from the change of grade, it is unnecessary for us to determine at this time whether such damages are recoverable by action in the ordinary form. Prior to the adoption of section 21 of article 2 of the constitution of 1875, a city could not be held liable for damages necessarily attendant upon the proper

2. ——: damage caused by public works.

and skillful execution of the plan adopted by the city council, but was liable for such damages as resulted alone from the negligent and unskillful execution of the work done in pursuance of the plan adopted. *Foster v. City of St. Louis,* 71 Mo. 157, and cases cited. That rule has been changed by the section of the constitution above cited. That section is as follows: " That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.    *    * "
When property is damaged by establishing the grade of a street, or by raising or lowering the grade of a street previously established, it is damaged for public use within the meaning of the constitution. No such provision, however, as is contemplated by the constitution, has ever been made by the legislature for ascertaining the compensation in cases where property is damaged by a change of grade. The compensation provided for by this section of the constitution, is compensation alone for the lawful execution of the public work causing the damage, and not for the negligent and unskillful construction thereof. For damages arising from the negligent and unskillful execution of the work, an ordinary action undoubtedly still remains to the party injured. Compensation for such damages could not be ascertained in advance of the execution of the work. We are of the opinion that the first count states a cause of action.

The second count is also based upon the negligent construction of the street, and presents in detail some of the matters which might be proved under the first count. Its allegations are barely sufficient to support a judgment. Facts may be shown under it which may perhaps render the city liable. If in chang-

3. ——: change of street grade: city's liability therefor.

ing the grade of a street the city should so negligently perform its work as to practically destroy the street as a highway, we think it would be liable in damages, while it would not be liable for the simple act of permitting it to be out of repair, no special injury having ensued therefrom.

The third count states no cause of action. No special damages are alleged, and the plaintiff has no right of action simply because the sidewalk has been left in a condition dangerous to life and limb.

4. ———: dangerous sidewalk.

The judgment of the circuit court will be reversed and the cause remanded. All concur.