## BARREE, Respondent, v. CITY OF CAPE GIRAR-DEAU, Appellant.

### St. Louis Court of Appeals, June 23, 1908.

#### Opinion by Bland, P. J.

1. **MUNICIPAL CORPORATIONS: Damages: Assault of Officer.** Where the driver of a street car, while attempting to clear gravel from the car track so that he might proceed with his car, was assaulted by the commissioner of the city, who also had been appointed as special policeman, whether or not the city was liable for the assault would depend upon whether the assault was made by the street commissioner while acting in that capacity or was made in the exercise of his authority as policeman in attempting to arrest the conductor; if the assault was committed while the commissioner was in the exercise of authority conferred upon the corporation for the public good, that is, to preserve peace, the corporation would not be liable; but if the assault occurred by an agent of the city in exercising authority conferred upon it for its private corporate benefit, as he would be if acting as commissioner, the city would be liable.

2. ——: ——: ——. And in such case where the evidence showed that the assaulting commissioner was engaged in making repairs upon the street as commissioner, and that the conductor assaulted was removing from the track the gravel which the commissioner was placing there, and the assault was made on account of the conductor's apparent interference with the progress of the work which the street commissioner was doing as such, the act was the act of a street commissioner so that the city would be liable; he could not at the same moment be acting as policeman, although he arrested the conductor.

3. **PRACTICE: Instruction: Legal Conclusion.** It is error to submit an instruction authorizing a jury to find the legal effect of evidence.

4. **PERSONAL INJURIES: Damages: Excessive Verdict.** In an action for personal injuries caused by an assault upon the plaintiff, where it was shown that the plaintiff suffered great pain and the permanent and almost total loss of the use of one arm, a verdict for $4,500 was not so excessive as to warrant an inference that it was influenced by passion and prejudice on the part of the jury.

Barree v. Cape Girardeau.

Dissenting Opinion by Nortoni, J.

5. **MUNICIPAL CORPORATIONS: Damages: Assault of Officer.**
Where the conductor of a street car was assaulted by the street
commissioner of a city, who also had been appointed as special
policeman, and there was evidence tending to show that the
conductor was disturbing the peace at the time and that the
officer arrested him for such disturbance of the peace, this
was sufficient to authorize an instruction permitting a verdict
for the defendant, if the jury should find such facts from the
evidence, and find that the officer at the time was acting as
policeman and not as street commissioner.

Appeal from Cape Girardeau Circuit Court.—*Hon.*
*Henry C. Riley,* Judge.

AFFIRMED.

*M. A. Dempsey* and *Robert L. Wilson* for appellant.

The police regulations of a city are not made and
enforced in the interests of the city in its corporate ca-
pacity, but in the interest of the public. A city is not
liable therefore for the acts of its officers in attempting
to enforce such regulations nor will it be made liable by
ratifying torts of police officers. Ulrich v. St. Louis,
112 Mo. 143. The gravamen of the charge in the peti-
tion in not false imprisonment or malicious prosecution
or simple negligence but trespass upon the person of the
plaintiff. "The city is not liable for trespass of its of-
ficers." Quinn v. Schneider, 118 Mo. App. 39; Worley
v. Columbia, 88 Mo. 106; Hunt v. Boonville, 65 Mo.
620; Brown v. Cape Girardeau, 90 Mo. 377.

*Sam M. Green* and *R. G. Ranney* for respondent.

(1) The defense of the appellant in this case is
wholly hypothetical and suppositious, and is made
doubtless as a last resort. If the injury was committed
while Brunke was in the exercise of a corporate fran-
chise, for a public good and not for private corporate
advantage the corporation is not liable for the wrongful
act of the servant. The Supreme Court of this State in

the case of Barree v. Cape Girardeau, 197 Mo. 382, fully disposes of all the points made by the appellant conclusively in favor of the respondent; and especially on this point: "But if the injury was inflicted when the agent and servant was engaged in the line of his duty in reference to private corporate interest then the appellant is liable in damages." Broadwell v. Kansas City, 75 Mo. 213; Worth v. Springfield, 78 Mo. 107; Wegman v. Jefferson City, 61 Mo. 55; Thurston v. St. Joseph, 51 Mo. 510. (2) It is a well-settled principle of law that when an agent or servant is employed to perform a certain piece of work, and while in the line of his duty he injures another even though he exceeds his authorized powers, or disobeys his instructions, his employer is responsible to the party injured, for damages sustained by reason of such injury. Barree v. Cape Girardeau, 197 Mo. 391; Harriman v. Stowe, 57 Mo. 93; Douglass v. Stephens, 18 Mo. 362; Minter v. Railroad, 41 Mo. 503; Garretzen v. Duenckel, 50 Mo. 101; Ephland v. Railroad, 137 Mo. 187; Perkins v. Railroad, 55 Mo. 201; Dillon, Municipal Corp. (4 Ed.), sec. 974.

STATEMENT.—In the summer of 1902, plaintiff was rightfully operating a street railway by horse power over Spanish street in the city of Cape Girardeau. Its street commissioner, Fritz Brunke, by order of the city council, in August of that year, was engaged in improving Spanish street outside of the street railway track, by hauling creek gravel and spreading it on the street outside of and up to the rails of the street railway. On August 21st, plaintiff was operating a car on the street, carrying passengers and doing his own driving. His evidence tends to show that in dumping gravel on the street, it was permitted to cover the rails in places to such depth as to make it dangerous to drive his car over it; that he had a shovel and broom on the car and when he came to a point where the rails were covered

with gravel he would stop his car, take his shovel and broom and clear the rails of the gravel and then proceed. The street commissioner, Brunke, objected to plaintiff removing the gravel from where he had placed it and warned him two or three times not to disturb the gravel. About ten o'clock a. m. and when plaintiff was making his third or fourth round with his car, he came to where one or two loads of gravel had been dumped, covering one of his rails. He stopped his car, took his shovel and was removing the gravel from the rail when Brunke, according to plaintiff's evidence, came up in an angry mood, with a shovel in his hand which he drew on plaintiff and said to him: "I have told you all I am going to tell you about shoving the gravel off. I will arrest you and take you and put you in jail." He then struck at plaintiff with the shovel. Plaintiff warded off the blow with his shovel. Brunke caught plaintiff's shovel, wrenched it from him, struck him in the face with his fist and then took hold of plaintiff's arm and tore his shirt off him and started to lead him to jail. As they passed the car plaintiff caught hold of the handle bar and protested against being dragged from his car on which there were three passengers. Brunke was unable to break plaintiff's hold on the car and called one of his employees to his aid and the two, by lurching and jerking, broke plaintiff's hold and marched him off to jail. Friends of plaintiff interceded and he was permitted to give a recognizance for his appearance before the police court and then go his way. Plaintiff was not required to appear in the police court, the matter having been dropped before the day he was to appear. In regard to the injury, plaintiff's evidence tends to show that the muscles of his left arm were torn loose from their moorings, and have become atrophied, causing a partial loss of the use of the arm. The evidence further shows the injury has caused and will continue to cause him a great deal of pain and

suffering.  Defendant's evidence tends to show that in repairing the street Brunke, when gravel would be unloaded on it, would send his son, a boy, to clear the track of any gravel that might lodge on it; that plaintiff had on several occasions before the difficulty, thrown the gravel from about the rails into the gutter and under the sidewalks, and that at the time of the difficulty, he was shoveling the gravel from the outside of the rail and throwing it into the gutter; that he resisted arrest and no more force was used than was necessary to arrest him and conduct him to the jail. Brunke testified he did not strike at plaintiff with his shovel or raise it to strike him, but threw it down; that plaintiff came at him with his shovel drawn and that he grasped it and wrenched it from his hands.

Ordinances of the city were offered which showed that Brunke was regularly appointed street commissioner and also special policeman, and occupied this dual capacity at the time of the difficulty, and he testified that he made the arrest as a policeman.  The action is to recover damages laid at $10,000, caused by the assault made upon plaintiff by Brunke.  The petition charges that Brunke was the agent and servant of the defendant city, engaged in repairing Spanish street at the time the assault was made.  A demurrer to the petition was sustained by the trial court and the case was appealed to the Supreme Court.  That court held the petition stated a cause of action and reversed the judgment and remanded the cause.  The trial resulted in a verdict for plaintiff and his damages were assessed at $5,000.  Plaintiff remitted $500 of the damages and judgment was rendered in his favor for $4,500, from which defendant appealed to this court.

BLAND, P. J. (after stating the facts).—In the opinion of the Supreme Court in the case (Barree v. Cape Girardeau, 197 Mo. loc. cit. 388, 389) the court said:

"It stands admitted by the demurrer that Fritz Brunke was the servant of defendant at the time of the commission of the injury complained of by plaintiff; but if the injury was committed while Brunke was in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, the corporation is not liable for the wrongful acts of its servant. On the other hand, if Brunke was in the exercise of a power conferred upon defendant corporation for its private benefit, then the defendant is liable for the wrongful acts of its servant, as in the case of a private individual. [Murtaugh v. St. Louis, 44 Mo. 479; Williams, Municipal Liability for Tort, sec. 11.] In Hilsdorf v. St. Louis, 45 Mo. 94, it is said:

" 'Corporations, whether municipal or aggregate, are now held to the same liability as individuals, and will not be permitted to screen themselves behind the plea that they are impersonal, and that their acts are but the acts of individuals; and if an agent or servant of a corporation, in the line of his employment, shall be guilty of negligence or commit a wrong, the coroporation is responsible in damages.'

"The making and improving of the streets by the city and keeping them in repair is a ministerial function, and relates to corporate interests only. It is well settled in this State that a municipality is liable for negligence in the construction of streets or sewers. [Broadwell v. Kansas City, 75 Mo. 213; Worth v. Springfield, 78 Mo. 107; Wegmann v. Jefferson City, 61 Mo. 55; Thurston v. St. Joseph, 51 Mo. 510.]"

Defendant concedes that it is liable for the wrong complained of by plaintiff, if committed by Brunke while engaged in his duties as street commissioner. On the other hand, it is not contended by plaintiff that defendant is liable for the wrong if committed by Brunke as a police officer of the city; for the reason the act

would not be for the corporate advantage of the defend-. ant city, but for the public good and in the exercise of a corporate franchise. The contention of the defendant is that Brunke was acting at the time he committed the injury on plaintiff as a policeman in the exercise of a corporate franchise and for the public good and on this theory of the case asked the court to give the following instruction:

"The court instructs the jury that if they believe from the evidence that the plaintiff, Elijah Barree, was arrested by Fritz Brunke and that at the time of said arrest said Brunke was a duly appointed and acting policeman of the city of Cape Girardeau, and as such policeman of said city, arrested said Barree, and although you may believe from the evidence that said Elijah Barree received at the hands of said policeman in making said arrest, serious and permanent injuries, that said defendant, the city of Cape Girardeau, is not liable in this action, and your verdict will be for the defendant."

The court refused to give the instruction and this ruling is assigned as error. This instruction should have been given, if there is any evidence tending to show Brunke made the arrest as a policeman. The evidence is all one way, that at the time Brunke injured plaintiff, he was engaged as the agent of the defendant city in making and superintending repairs of the street and that the assault was made on plaintiff because, as Brunke testified, plaintiff was displacing gravel which Brunke himself had spread on the street and while Brunke was replacing gravel plaintiff had shoveled it away from the railroad track. Brunke could not in the same transaction and at the same moment act as the authorized agent of the defendant city in the performance of an act for the private benefit of the city and as a police officer in the discharge of a function for the good of the public. He could not at the same time in

one transaction, use one of his hands in the discharge of his duties as street commissioner and the other as a special police officer. Besides, the evidence wholly fails to show the occasion demanded or required that Brunke could rightfully exercise his powers as a policeman, for the plaintiff was not violating any law of the State or ordinance of the city, but was doing what he had a perfect right to do and what was necessary to be done to enable him to proceed with his car.

2. Defendant asked the following instruction which the court refused to grant, to-wit:

"The court instructs the jury that although you may believe and find from the evidence that plaintiff was injured by Brunke as a servant and agent of the defendant yet, if you further find that plaintiff, Barree, was himself engaged in a wrongful act at the time of the injury, and that the injury is the direct result of his wrongdoings, then your verdict must be for defendant."

No error was committed by refusing this instruction for the reason it submitted to the jury to find the legal effect of the evidence in respect to plaintiff's action in removing gravel from the rails. It was the province of the court, not of the jury, to pass upon the legal effect of the evidence. [Charles v. Patch, 87 Mo. 450.]

3. Defendant contends very strenuously that the damages are excessive. Plaintiff was over sixty years of age at the time he was injured. His evidence tends to show that the injury not only caused a permanent and almost total loss of the use of his left arm, but that it is the source of almost constant pain and suffering. It is true defendant's evidence tends to show the injury was but slight. The question as to the extent of the injury was one for the jury, as was, also, the amount of the compensation and in determining whether or not the verdict is excessive, the evidence most favorable to

plaintiff should be considered, and it should be given its full probative force. When this is done, if it yet clearly appears the verdict is excessive, then an appellate court may safely conclude the jury was influenced by passion or prejudice, or misapprehended the court's instructions on the measure of damages. But it should be kept constantly in mind that the jury and the trial court who saw the witnesses and the complaining party, are in a much better position to judge of the extent of the injury than is an appellate court, and it should also be remembered that the compensation to be awarded is peculiarly the province of the jury. While it seems to us the compensation awarded to plaintiff is large, yet in the light of his evidence we are not prepared to say it is excessive, and affirm the judgment.

*Goode, J.*, concurs; *Nortoni, J.*, dissents.

### DISSENTING OPINION.

NORTONI, J.—In the majority opinion, it is conceded that Brunke, the street commissioner, was a police officer of the city of Cape Girardeau as well, and as such, had full authority to arrest persons infringing the law. It is likewise conceded that if Brunke inflicted plaintiff's injuries while he was acting in his capacity as police officer; that is, while exercising a franchise conferred upon the corporation for the public good; then the defendant city should not respond to the plaintiff in damages in this action for injuries received at the hands of Brunke in the exercise of his authority as policeman. [Barree v. Cape Girardeau, 197 Mo. 382.] The defendant sought to avail itself of this phase of the doctrine in defense of the action, and requested an instruction submitting the question as to whether Brunke acted as police officer in arresting plaintiff. I am of opinion this instruction should have been given. It seems to me there is ample evidence in the record

tending to show: first, that Brunke acted in his capacity
as policeman in making the arrest; and, second, that
plaintiff Barree was actually engaged in a disturbance
of the peace, which conduct called for the exercise of
the corporate franchise for the public good, when the
arrest was made.    Plaintiff himself testified that before
Brunke laid his hands upon him, he told him (Barree)
that he would arrest him and put him in jail if he
did not desist disturbing the gravel, and that during
the same conversation, after Brunke had arrested him,
he said: "Brunke, I will go up there with you and fill
a bond."   It appears from the evidence of both plaintiff
and Brunke that Brunke actually arrested plaintiff and
took him to the very door of the jail.   It appears to my
mind that Brunke did this as policeman and not as
street commissioner, for he claimed at the time to be
acting as a policeman.   That he was clothed with au-
thority in that behalf, there is no question.   It would
be an unusual occurrence for a street commissioner to
arrest one and conduct him to the jail, while it entirely
comports with the duties of a police officer to do so.
Mr. Morrison, a member of the city council, was pres-
ent at the time.   While plaintiff was engaged in dis-
turbing the gravel, Mr. Morrison said to Brunke: "I
will tell you what you do.   You go and swear out a war-
rant."   Brunke replied: "All right, if you say so.   We
don't have to, though, you know I am a police."
Brunke testified that he then walked toward plaintiff
and "then he (plaintiff) had his shovel up like he
wanted to hit me."   Whereupon Brunke grabbed the
plaintiff and made the arrest.   Brunke also testified
that he deputized some one to aid in making the arrest.
Certainly a street commissioner would have no author-
ity to deputize one to aid him in making an arrest.
Such an act is entirely consistent with the authority
and duties of a policeman.   Mr. Morrison, a member of
the city council who was present, testified:    "Mr.

Barree took his shovel and went at Mr. Brunke's head. Mr. Brunke knocked the first lick off and the second lick he caught the shovel and in the scramble, he accidentally hit Mr. Barree and Mr. Brunke asked me what to do. I said: 'Take him to the courthouse and fine him for disturbing the peace.'" It is clear to my mind that these facts and others in record tend to prove: first, that the plaintiff Barree was actually engaged in a breach of the peace at the time Brunke arrested him; and, second, that Brunke made the arrest as policeman and in his authority as police officer of the city of Cape Girardeau. I am therefore of opinion that the court erred in refusing defendant's instruction submitting this matter of defense to the jury.