Jerrell L. GRAVES, Plaintiff,

v.

The CITY OF BOLIVAR, MISSOURI, a
municipal corporation, Bill Marshall
and Elmer Hicks, Defendants.

No. 1504.

United States District Court
W. D. Missouri, S. D.

Sept. 27, 1957.

Max W. Lilley and Leland C. Bussell,
Springfield, Mo., for plaintiff.

Elvin S. Douglas of Douglas & Douglas, Bolivar, Mo., Jean Paul Bradshaw
and Walter S. Pettit, Jr., of Neale, Newman, Bradshaw, Freeman & Neale,
Springfield, Mo., for defendants City of
Bolivar, Mo., and Bill Marshall.

Charles V. Barker, Bolivar, Mo.,
Frank C. Mann of Mann, Walter, Powell
& Burkart, Springfield, Mo., for defendant Elmer Hicks.

R. JASPER SMITH, District Judge.

On July 11, 1957, plaintiff commenced
this action for damages, alleging violation by defendants of the Civil Rights
Act, Title 42, U.S.C.A. § 1983, as a result of plaintiff's arrest by the deputy
city marshal of Bolivar, and his confinement in the Polk County jail. The substance of the allegations of the complaint
is that the defendants, severally and act-

626

ing in concert with each other, deprived plaintiff of his liberty by procuring and causing his arrest and incarceration unlawfully, maliciously and without due process of law, but under color of state law.

The defendant City of Bolivar separately moves to dismiss as to it for the reason that plaintiff's complaint fails to state a claim upon which relief can be granted.

■ The plaintiff's complaint predicated upon an alleged deprivation of civil rights sounds in tort. Under Missouri law, a municipal corporation, such as the City of Bolivar, is immune from tort liability, in the absence of a statute to the contrary, for acts of its public officers in the exercise of governmental or sovereign functions. Ulrich v. City of St. Louis, 112 Mo. 138, 20 S.W. 466; Healy v. Kansas City, 277 Mo. 619, 211 S.W. 59; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080; Hinds v. City of Hannibal, Mo., 212 S.W.2d 401; Barree v. City of Cape Girardeau, 132 Mo.App. 182, 112 S.W. 724; Watrous v. City of St. Louis, Mo.App., 281 S.W.2d 594; and Hiltner v. Kansas City, Mo., 293 S.W.2d 422.

■ This immunity from tort liability must be applied inasmuch as there is no allegation that the City of Bolivar was not acting in its sovereign or governmental capacity. On the contrary, plaintiff alleges that defendant Marshall, deputy city marshal of Bolivar, in concert with the other defendants, caused the illegal arrest and incarceration of plaintiff. Certainly the maintenance and operation of a police force is a governmental function of the City of Bolivar, and the defendant Marshall's arrest of plaintiff was performed pursuant to his lawful governmental responsibilities. That fact that defendant Marshall may have arrested plaintiff in an unlawful manner does not subject the defendant municipality in whose employ defendant Marshall was at the time of the alleged incident to liability for damages.

■ It remains to be seen whether Section 1983 of the Civil Rights Act, supra, creates a liability on the part of de-

fendant municipality regardless of the fact that none exists in the common law of Missouri. This section extends to a "person" acting under color of a statute, ordinance, regulation, custom or usage, of a state or territory, who deprives a citizen or other person of a right, privilege, or immunity secured by the Constitution and laws of the United States. I find no evidence that "person" as used in Section 1983 encompasses within its meaning a municipal corporation. Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421; Hewitt v. City of Jacksonville, 5 Cir., 188 F.2d 423; Shuey v. State of Michigan, D.C., 106 F.Supp. 32; and Agnew v. City of Compton, 9 Cir., 239 F.2d 226. For these reasons, the separate motion of the defendant City of Bolivar, Missouri, to dismiss plaintiff's complaint as to it is sustained.

■ One further motion requires disposition. Defendant Elmer Hicks moves to require plaintiff to give security for costs. Mere conclusionary allegations in support of a motion for costs do not merit the sustention of the motion in the absence of any factual assertions clearly showing a necessity for securing the costs. Defendant Hicks' motion for security for costs is denied. It is so ordered.